UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| CHRISTOPHER B., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:25 CV 64 JMB |
| | ) |
| FRANK J. BISIGNANO, | ) |
| Commissioner of Social Security | ) |
| Administration, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

On January 10, 2022, Plaintiff Christopher B. filed an application for disability insurance benefits pursuant to Title II of the Social Security Act, 42 U.S.C. § 301, *et seq.*, alleging that his disability began on December 4, 2021 because of diabetes and amputation of his fourth and fifth toes (Tr. 453-455, 488). His claim was denied by the Commissioner of Social Security through the administrative process and there is no dispute that he has exhausted his administrative remedies. See 42 U.S.C. § 405(g). Accordingly, this matter is before the Court for review of an adverse ruling by the Social Security Administration as set forth by an Administrative Law Judge (ALJ) on April 11, 2024 (Tr. 30-39). The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).

**I. Standard of Review and Legal Framework**

To be eligible for disability benefits, plaintiff must prove that she is disabled under the Act. See Baker v. Sec'y of Health & Human Servs., 955 F.2d 552, 555 (8th Cir. 1992); Pearsall v. Massanari, 274 F.3d 1211, 1217 (8th Cir. 2001). The Act defines a disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or

Page **1** of **10**

mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A) and 1382c(a)(3)(A). A claimant will be found to have a disability "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. §§ 423(d)(2)(A) and 1382c(a)(3)(B); see also Bowen v. Yuckert, 482 U.S. 137, 140 (1987).

The Social Security Administration has established a five-step process for determining whether a person is disabled. See 20 C.F.R. § 404.1520; Moore v. Astrue, 572 F.3d 520, 523 (8th Cir. 2009). Steps one through three require the claimant to prove (1) she is not currently engaged in substantial gainful activity, (2) she suffers from a severe impairment, and (3) her disability meets or equals a listed impairment. Pate-Fires v. Astrue, 564 F.3d 935, 942 (8th Cir. 2009); see also Bowen, 482 U.S. at 140-42 (explaining the five-step process). If the claimant does not suffer from a listed impairment or its equivalent, the analysis proceeds to steps four and five. Pate-Fires, 564 F.3d at 942. "Prior to step four, the ALJ must assess the claimant's residual functional capacity (RFC), which is the most a claimant can do despite her limitations." Moore, 572 F.3d at 523 (citing 20 C.F.R. § 404.1545(a)(1)). At step four, the ALJ determines whether claimant can return to her past relevant work, "review[ing] [the claimant's] [RFC] and the physical and mental demands of the work [claimant has] done in the past." 20 C.F.R. § 404.1520(e). The burden at step four remains with the claimant to prove her RFC and establish that she cannot return to her past relevant work. Moore, 572 F.3d at 523; accord Dukes v. Barnhart, 436 F.3d 923, 928 (8th Cir. 2006); Vandenboom v. Barnhart, 421 F.3d 745, 750 (8th Cir. 2005). If the ALJ holds at step four that a claimant cannot return to past relevant work, the burden shifts at step five to the Administration to

establish that the claimant maintains the RFC to perform a significant number of jobs within the national economy. Banks v. Massanari, 258 F.3d 820, 824 (8th Cir. 2001); see also 20 C.F.R. § 404.1520(f).

The Court's role on judicial review is to determine whether the ALJ's finding are supported by substantial evidence in the record as a whole. Ross v. O'Malley, 92 F.4th 775, 778 (8th Cir. 2024). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Biestek v. Berryhill, 139 S. Ct. 1148, 1154 (2019). "[T]he threshold for such evidentiary sufficiency is not high." Id. Stated another way, substantial evidence is "less than a preponderance, but enough that a reasonable mind might accept it as adequate to support a decision." Juszczyk v. Astrue, 542 F.3d 626, 631 (8th Cir. 2008); see also Wildman v. Astrue, 964 F.3d 959, 965 (8th Cir. 2010) (same). In determining whether the evidence is substantial, the Court considers evidence that both supports and detracts from the ALJ's decision. Cox v. Astrue, 495 F.3d 614, 617 (8th Cir. 2007).

The Eighth Circuit has repeatedly emphasized that a district court's review of an ALJ's disability determination is intended to be narrow and that courts should "defer heavily to the findings and conclusions of the Social Security Administration." Hurd v. Astrue, 621 F.3d 734, 738 (8th Cir. 2010) (quoting Howard v. Massanari, 255 F.3d 577, 581 (8th Cir. 2001)). Despite this deferential stance, a district court's review must be "more than an examination of the record for the existence of substantial evidence in support of the Commissioner's decision." Beckley v. Apfel, 152 F.3d 1056, 1059 (8th Cir. 1998). The district court must "also take into account whatever in the record fairly detracts from that decision." Id.; see also Stewart v. Sec'y of Health & Human Servs., 957 F.2d 581, 585-86 (8th Cir. 1992) (setting forth factors the court must consider). Finally, a reviewing court should not disturb the ALJ's decision unless it falls outside

the available "zone of choice" defined by the evidence of record. Buckner v. Astrue, 646 F.3d 549, 556 (8th Cir. 2011). A decision does not fall outside that zone simply because the reviewing court might have reached a different conclusion had it been the finder of fact in the first instance. Id.; see also McNamara v. Astrue, 590 F.3d 607, 610 (8th Cir. 2010) (explaining that if substantial evidence supports the Commissioner's decision, the court "may not reverse, even if inconsistent conclusions may be drawn from the evidence, and [the court] may have reached a different outcome").

## II.  Discussion

Plaintiff makes two arguments: 1) the ALJ failed to properly consider the medical opinions of Drs. Dennis McGraw and Charity Sandvos; and 2) the ALJ failed to adequately assess Plaintiff's RFC especially in relation to the finding that Plaintiff can perform frequent handling, feeling and fingering.

**A.     Opinion Evidence**

When evaluating opinion evidence, the ALJ is no longer required to give controlling weight or any weight to opinion evidence. 20 C.F.R. 404.1520(a). Instead, the ALJ is to consider all medical opinions equally and evaluate their persuasiveness according to several specific factors. 20 C.F.R. § 404.1520c(b)(2). Of these factors, an ALJ must explain how he considered the factors of supportability and consistency in his decision but need not explain how he considered the other factors. 20 C.F.R. § 404.1520c(b)(2).[1] The supportability factor provides that "[t]he more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more

---

[1] The other factors include the relationship with the claimant, specialization, and other factors which can include whether additional evidence was submitted after the date of the opinion. 20 C.F.R. § 404.1520c(c)(3-5). An ALJ is not required to address all factors in her opinion.

persuasive the medical opinions or prior administrative medical finding(s) will be." 20 C.F.R. § 404.1520c(c)(1). In articulating how she considers the supportability factor, an ALJ may properly consider that the physician's own treatment notes do not support the physician's opinion, that the physician did not consider certain evidence, or that the physician did or did not provide a detailed explanation for the opinion. Starman v. Kijakazi, 2021 WL 4459720, at *4 (E.D. Mo. Sept. 29, 2021) (listing cases). The consistency factor states that "[t]he more consistent a medical opinion(s) or prior administrative finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be." 20 C.F.R. § 404.1520c(c)(2).

The ALJ appropriately referred to § 404.1520c and considered the persuasiveness of the opinion evidence. In assessing the opinions of Drs. McGraw and Sandvos, the ALJ found that:

> Dennis McGraw, D.O., and Charity Sandvos, M.D., evaluated the claimant's medical history for the Agency in May and December 2022 (Exhibits 2A/3-5 & 4A/4-7). Both examiners limited him to light-duty lifting and carrying, with only two hours of standing and walking daily, occasional climbing of ladders, ropes, scaffolds, ramps and stairs and occasional balancing. They also restricted him to frequent use of his hands for gross handling, fingering and feeling and avoidance of concentrated exposure to vibration and hazards. While these opinions are generally persuasive since both examiners performed a thorough review of the claimant's medical history and provided detailed narrative explanations of the medical evidence supporting their findings, I found more restrictive limitations to be more consistent with the claimant's need for an assistive device while he was recovering from his toe amputations. It does not seem reasonable for the claimant to have been expected to climb ladders, ropes of scaffolds at all during the relevant period, especially when considering the exacerbating factor of his morbid obesity (Exhibit 8F/3).

The ALJ found the opinions "generally persuasive" because they were supported by Plaintiff's medical history and because they provided a detailed explanation of how the medical records supported their findings. As such, the ALJ appropriately outlined how the opinions were supportable. The ALJ then found that the opinions were not consistent with other evidence of

Page 5 of 10

Plaintiff's required use of a cane. Accordingly, the ALJ did address both supportability and consistency of the opinions in finding that that opinions were only "generally" as oppose to wholly persuasive. Thus, the RFC, which was consistent with the opinions of Drs. McGraw and Sandvos, limited Plaintiff to sedentary work, and was consistent with Dr. Sandvos' opinion as to the ability to frequently handle, finger, and feel with upper extremities (Tr. 33). However, the ALJ found that "he could never climb ladders, ropes or scaffolds" during the relevant time period because Plaintiff was recovering from toe amputations and required the use of a cane (Tr. 33). Austin v. Kijakazi, 52 F.4th 723, 729 (8th Cir. 2022) (Stating that "the ALJ is free to accept some, but not all, of a medical opinion.").

Plaintiff argues that the ALJ failed to provide a detailed analysis of the evidence relied upon by the doctors or address their opinions individually (Doc. 19, p. 6).[2] First, and ALJ is not required to address every piece of evidence that was submitted and considered. See Black v. Apfel, 143 F.3d 383, 386 (8th Cir. 1998) ("Although required to develop the record fully and fairly, an ALJ is not required to discuss every piece of evidence submitted. An ALJ's failure to cite specific evidence does not indicate that such evidence was not considered." (internal citations omitted)). It is clear from the entirety of the opinion that the ALJ was familiar with and considered the entire record. Second, the ALJ's assessment of the opinion evidence cannot be read in isolation but must be considered in the context of whether substantial evidence supports the decision, even if a contrary decision could have been reached. See Cropper v. Dudek, 136 F.4th 809, 815 (8th Cir. 2025).

---

[2] In making his arguments, Plaintiff relies on Gentry v. Kijakazi, 2021 WL 3288531 (8th Cir. 2021), Hollis v. Saul, 2020 WL 4120467 (E.D. Mo. 2020), Sanders v. Saul, 2021 WL 3027270 (E.D. Mo. 2021), Nelson v. Kijakazi, 2021 WL 5035671 (E.D. Mo. 2021), and Reinhafer v. Colvin, 2014 WL 2967922 (E.D. Mo. 2014) (Doc. 19, pp. 7, 9). After a diligent search of both Westlaw and CM/ECF, the Court cannot find these cases, they do not appear to exist. While the arguments associated with these citations reflect standard fare for these types of cases, counsel is reminded that she is responsible for the accuracy of any authority cited, regardless of how that authority is identified and included in briefing.

Plaintiff is correct in noting that Dr. McGraw found no manipulative limitations whereas Dr. Sandvos found that Plaintiff was limited to frequent (as opposed to unlimited) use of hands and that the ALJ erred in indicating that they both found manipulative limitations (Tr. 36-37, 356, 365). This error is merely an error of opinion writing and is harmless. The ALJ ultimately found that the greater limitation, found by Dr. Sandvos, applied to Plaintiff's RFC. In addition, to the extent that Plaintiff complains that the ALJ found limitations *greater* than those suggested by the experts, there is no requirement that the ALJ must rely on medical opinions in fashioning an RFC. Schmitt v. Kijakazi, 27 F.4th 1353, 1360 (8th Cir. 2022).

**B.   RFC**

Plaintiff's main argument is that the ALJ's RFC assessment was not supported by substantial evidence, especially with regard to Plaintiff's manipulative limitations. In particular, Plaintiff argues that the ALJ failed to appropriately credit a November 18, 2022 examination by Dr. Jesse Beard (which he argues is inconsistent with Dr. Sandvos' opinion). Notwithstanding Plaintiff's arguments, the ALJ's RFC is supported by substantial evidence.

A claimant's RFC is the most he can do in a work setting despite his limitations. Schmitt, 27 F.4th at 1360 (citing 20 C.F.R. § 404.1545(a)(1)). When determining a claimant's RFC, the ALJ must consider "all relevant evidence, including medical records, observations of treating physicians and others, and the claimant's own description of [her] limitations." Papesh v. Colvin, 786 F3d 1126, 1131 (8th Cir. 2015) (citations and quotation marks omitted). Thus, the ALJ must consider the claimant's prior work record and third-party observations as to the claimant's daily activities; the duration, frequency and intensity of the symptoms; any precipitating and aggravating factors; the dosage, effectiveness and side effects of medication; and any functional restrictions. Halverson v. Astrue, 600 F.3d 922, 931 (8th Cir. 2010); Polaski v. Heckler, 739 F.2d 1320, 1322

Page **7** of **10**

(8th Cir. 1984). The ALJ is not obligated to mechanically discuss each of the above factors; however, when rejecting a claimant's subjective complaints, the ALJ must make an express credibility determination detailing his or her reasons for discrediting the testimony, and the ALJ's credibility assessment must be based on substantial evidence. Vick v. Saul, No. 1:19 CV 232 CDP, 2021 WL 663105, at *8 (E.D. Mo. Feb. 19, 2021) (citing Renstrom v. Astrue, 680 F.3d 1057, 1066 (8th Cir. 2012); Grba-Craghead v. Astrue, 669 F. Supp. 2d 991, 1008 (E.D. Mo. 2009)). On review by the court, "[c]redibility determinations are the province of the ALJ." Nash v. Comm'r, Soc. Sec. Admin., 907 F.3d 1086, 1090 (8th Cir. 2018) (quoting Julin v. Colvin, 826 F.3d 1082, 1086 (8th Cir. 2016)). The court defers to the ALJ's determinations "as long as good reasons and substantial evidence support the ALJ's evaluation of credibility." Id.

In considering manipulative limitations, the ALJ found that Plaintiff's statements of limitation (in excess of the frequent ability to handle, finger, and feel with his bilateral upper extremities), were not consistent with the evidence. In particular, the ALJ found that Plaintiff could attend to his own personal needs, drive, perform housework, care for school-aged children, prepare meals, do laundry, and essentially independently function (Tr. 34), The ALJ also found that an April 19, 2022 consultative examination by nurse Rachel Dibooglu found that Plaintiff had full muscle strength in his upper extremities, no deficits in manual dexterity, and made observations that "revealed no significant impairment" that would preclude sedentary work (Tr. 35-36; 924-925, 927). The ALJ also indicated that in addition to neuropathy, Plaintiff was diagnosed with carpal tunnel syndrome but that these conditions were treated with medication, Elavil and Lyrica, which were helpful (Tr. 35, 1005). It was also suggested that Plaintiff wear a wrist brace while playing video games and engage in physical therapy to relieve symptoms related to these conditions. The ALJ noted that Plaintiff testified that he plays video games for up to two

hours at a time (Tr. 36). The ALJ also addressed Dr. Beard's November 18, 2022 examination (Tr. 36). The ALJ indicated that Dr. Beard found that surgery for carpal tunnel syndrome would create results that were "much less predictable" given his underlying diabetic neuropathy – meaning that Plaintiff may not get relief from surgery (Tr. 2003). The ALJ noted that at the time of the hearing, on February 20, 2024, Plaintiff had not undergone surgery (Tr. 36). From this evidence, the ALJ found that Plaintiff's upper extremity conditions could be accommodated by restricting him to only frequent handling, fingering, and feeling.

Contrary to Plaintiff's argument, the ALJ did not merely rely on Dr. Sandvol's opinion as to manipulative limitations. The ALJ also relied on Plaintiff's activities of daily living, medical treatment for relevant conditions, and Plaintiff's statements of activities. Anderson v. Shalala, 51 F.3d 777, 779 (8th Cir. 1995) (relevant evidence of a claimant's RFC includes "medical records, observations of treating physicians and others, and [claimant's] own description of her limitations"). In addition, to the extent that the ALJ did not address the entirety of Dr. Beard's examination, an "ALJ is not required to explicitly reconcile every conflicting shred of medical evidence." Austin v. Kijakazi, 52 F.4th 723, 729 (8th Cir. 2022) (quotation marks, editing marks, and citation omitted). As noted by Defendant, the ALJ appropriately weighed the relatively mild findings outlined by Dr. Beard with Plaintiff's statement of his activities and the April 2022 findings. Plaintiff has not demonstrated that he was entitled to additional limitations during the relevant time period. Eichelberger v. Barnhart, 390 F.3d 584, 591 (8th Cir. 2004) ("A disability claimant has the burden to establish her RFC."); Polaski, 739 F.2d at 1322 (The ALJ is entitled to discount a claimant's statements of limitations when it is inconsistent with the record as a whole.).

\* \* \* \* \*

For the foregoing reasons, the Court finds that the ALJ's determination is supported by substantial evidence on the record as a whole.

Accordingly, **IT IS HEREBY ORDERED** that the decision of the Commissioner is **affirmed**.

A separate Judgment shall accompany this Memorandum and Order.

Dated this 10th day of February, 2026

>*/s/ John M. Bodenhausen*
>JOHN M. BODENHAUSEN
>UNITED STATES MAGISTRATE JUDGE